UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

WILLIAM SADLIER,

Defendant.

---

20-CR-320 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

At the status conference held on November 12, 2021, the Court denied the defense's application to adjourn the present January 24, 2022 trial date in this case until after the conclusion of defendant's California trial, which, following several adjournments, is now scheduled for March 8, 2022. The Court, however, authorized defense counsel to submit, *ex parte* and under seal, a letter amplifying the defense's arguments for such an adjournment. The defense has now done so, in a letter dated November 17, 2021, which attaches certain filings in the California case.

The Court has closely reviewed the defense's letter, which the Court finds is properly submitted *ex parte* and under seal, insofar as it addresses aspects of defense strategy. The Court, however, reaffirms its denial of the request to adjourn the trial date, which the Court set as a firm date on January 28, 2021. In addition to the reasons articulated on the record of the November 12 conference, the Court offers the following, which as formulated, is properly placed on the public record:

1. On a review of the filings in the California case, it appears that defendant Sadlier never notified the district court there of the firm trial date in this case or that that trial

date had been set in order to enable the California case to be tried first. Nor did Sadlier ask the California court not to adjourn that case to a date after the firm trial date set in this case. On the contrary, Sadlier assented to the adjournment in that case. With Sadlier having made no effort to explore means of trying the California case before this one and having not even alerted the California court to his preference to try that case first, Sadlier's application for an adjournment of the trial date here, which is exclusively made on account of the California trial date, is unpersuasive.

2. Although Sadlier's arguments as to the prejudice that he might experience were this case tried first cannot be set out with specificity, the Court can fairly disclose that all such arguments turn on the premise that evidence of the PPP fraud that is the subject of the California case would be put before the jury in this case. It is, however, not clear that the Government in this case would seek to do so, whether as substantive or impeachment evidence. It is also unclear whether any such attempt would accord with, *inter alia*, Federal Rules of Evidence 403 and 404. The Court expects that the admissibility of such evidence, if sought to be introduced, will be litigated on the schedule set for motions *in limine*. Pending a resolution of such a motion so as authorize receipt of such evidence, Sadlier's claim of prejudice from trying this case first is premature.

SO ORDERED.

*Paul A. Engelmayer*
--------------------------------
PAUL A. ENGELMAYER
United States District Judge

Dated: November 18, 2021
New York, New York