UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                       :

                                       :

UNITED STATES OF AMERICA         :

                                       :

         -v.-                  :

                                       :        20 Cr. 320 (PAE)

                                       :

WILLIAM SADLEIR,              :

                                       :

                Defendant.      :

                                       :

------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

 

                                              DAMIAN WILLIAMS
                                              United States Attorney
                                              Southern District of New York

Jared Lenow
Elizabeth Hanft
Assistant United States Attorneys
       *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                 :

UNITED STATES OF AMERICA           :

         -v.-                :

                                 :          20 Cr. 320 (PAE)

WILLIAM SADLEIR,              :

                   Defendant.       :

                                 :
------------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## **TABLE OF CONTENTS**

### **Contents**

General Requests ..................................................................................................................... 3

The Indictment .......................................................................................................................... 4

Count One:  Wire Fraud – The Statute ................................................................................... 6

Count One: Wire Fraud – Elements of the Offense ............................................................... 7

Count One: Wire Fraud – First Element:  Existence of Scheme or Artifice to Defraud .............................. 8

Count One: Wire Fraud – Second Element:  Knowing Participation in .................................... 11

Scheme with Intent to Defraud ................................................................................................ 11

Count One: Wire Fraud – Third Element:  Use of Interstate Wires ........................................ 15

Negligence of the Victim Not a Defense ................................................................................. 17

Count Two:  Wire Fraud ........................................................................................................... 18

Count Three:  Aggravated Identity Theft – The Statute ......................................................... 19

Count Three:  Aggravated Identity Theft – The Elements ...................................................... 20

Count Three:  Aggravated Identity Theft – First Element: Means of Identification .................................. 21

Count Three:  Aggravated Identity Theft – Second Element: ................................................. 22

During and in Relation to ......................................................................................................... 22

Count Three:  Aggravated Identity Theft –Third Element: ...................................................... 23

Knowingly and Without Lawful Authority .............................................................................. 23

Aiding and Abetting ................................................................................................................. 24

Willfully Causing a Crime ........................................................................................................ 27

Conscious Avoidance [If Applicable] ....................................................................................... 29

Venue ........................................................................................................................................ 31

Variance in Dates and Amounts ............................................................................................... 33

Motive ....................................................................................................................................... 34

Law Enforcement and Government Employee Witnesses [If Applicable] ............................... 35

Expert Testimony [If applicable] ............................................................................................. 36

Agreements Not to Prosecute Government Witnesses [If applicable] ..................................... 37

Statutory Immunity of Government Witnesses ........................................................................ 39

Audio Recordings and Transcripts ........................................................................................... 41

Character Testimony [If Applicable] ........................................................................................ 42

Defendant's Testimony [If Applicable] .................................................................................... 44

Defendant's Right Not to Testify [If Requested by the Defendant] ........................................ 45

Uncalled Witnesses – Equally Available to Both Sides ................................................................ 46

Particular Investigative Techniques Not Required ...................................................................... 47

Persons Not on Trial .................................................................................................................... 48

Preparation of Witnesses ............................................................................................................. 49

Use of Recordings, Text Messages and Emails .......................................................................... 50

Stipulations .................................................................................................................................. 51

Summary Charts ........................................................................................................................... 52

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.     Function of Court and Jury.

b.     Indictment Not Evidence.

c.     Statements of Court and Counsel Not Evidence.

d.     Burden of Proof and Presumption of Innocence.

e.     Reasonable Doubt.

f.     Government Treated Like Any Other Party.

g.     Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

h.     Inferences.

i.     Credibility of Witnesses.

j.     Interest in Outcome.

k.     Selection of Foreperson; Right to See Exhibits and Have Testimony Read During Deliberations; Communications with the Court.

l.     Sympathy: Oath of Jurors.

m.     Punishment is Not to Be Considered by the Jury.

n.     Verdict of Guilt or Innocence Must Be Unanimous; Duty to Consult.

## REQUEST NO. 2

### The Indictment

The defendant in this matter, William Sadleir, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

The Indictment contains three counts or "charges" against defendant William Sadleir.

Count One alleges that the defendant committed the crime of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, from in or about 2016 through in or about March 2020, in connection with an alleged scheme to defraud the investment firm BlackRock by misappropriating millions of dollars in BlackRock funds for his own personal use through fraud and deceit, including through the use of a sham advertising company he created to carry out the scheme.

Count Two alleges that the defendant committed the crime of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, in or about 2019, in connection with an alleged scheme to defraud BlackRock by causing the forging of the signature of a BlackRock manager on documents used to remove Uniform Commercial Code liens on assets that secured loans made by BlackRock to Aviron Pictures LLC ("Aviron") and by selling those assets without BlackRock's consent.

4

Count Three alleges that the defendant committed the crime of aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2, in connection with the alleged scheme that I described with respect to Count Two.

You must consider each count separately, and you must return a verdict of guilty or not guilty for each count.  Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, 3-1, 3-2, and from the charge given in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

5

## REQUEST NO. 3

### Count One:  Wire Fraud – The Statute

Count One of the Indictment charges the defendant, William Sadleir, with committing the offense of wire fraud, from at least in or about 2016 through at least in or about March 2020. Wire fraud is a violation of Title 18, United States Code, Section 1343.

That statute provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a federal crime].

Specifically, Count One charges that the defendant, William Sadleir, committed wire fraud in connection with an alleged scheme to defraud BlackRock by misappropriating millions of dollars in BlackRock funds for his own personal use through fraud and deceit, including through the use of a sham advertising company he created to carry out the scheme.

6

# REQUEST NO. 4

## Count One: Wire Fraud – Elements of the Offense

In order to prove a defendant guilty of wire fraud, the Government must establish beyond a reasonable doubt the following three things, which we refer to as the elements:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used, or caused the use by others of, interstate or foreign wires.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, 44-3, (based on the charge given in *United States v. Ranney*, 82 Cr. 771 (EW) (1983)); and the charge given in *United States v. Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge given in *United States v. Szur*, 97 Cr. 108 (JGK) (1998); and the charge given in *United States v. Rogers*, 90 Cr. 377 (CSH) (1991); *see also United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States v. Altman*, 48 F.3d 97, 101 (2d Cir. 1995); *United States v. Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); *United States v. Miller*, 997 F.2d 1010, 1017 (2d Cir. 1993); *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States v. Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), *cert. denied*, 479 U.S. 826 (1986); *Polycast Technology Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

## REQUEST NO. 5

## Count One: Wire Fraud – First Element:  Existence of Scheme or Artifice to Defraud

The first element of Count One that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan that is designed to accomplish an objective.  A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.  It is, in other words, a plan to deprive another of money or property by trick, deceit, deception, or swindle.

A "pretense, representation, or promise" is false or fraudulent if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A pretense, representation, or promise may also be false if it is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive.  A pretense, representation, or promise is fraudulent if it was falsely made with the intention to deceive.

The false or fraudulent representation or concealment must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable

8

and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of the offense. If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered any loss as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

9

In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him. Rather, a person is also deprived of money or property when that person is provided false or fraudulent information that, if believed, would prevent him from being able to make informed decisions about what to do with his money or property. In other words, a person is deprived of money or property when he is deprived of the right to control that money or property. And he is deprived of the right to control that money and property when he receives false or fraudulent statements that affect his ability to make discretionary economic decisions about what to do with that money or property.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, 44-4 (based on the charge given in *United States v. Ranney*, 82 Cr. 771 (EW) (S.D.N.Y. 1983)); the charge given in *United States v. James Gatto, et al.*, 17 Cr. 686 (LAK); the charge given in *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990); and the charge given in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); *see United States v. Binday*, 804 F.3d 558, 579 (2d Cir. 2015) (holding that "it is not necessary that a defendant intend that his misrepresentation actually inflict a financial loss—it suffices that a defendant intend that his misrepresentations induce a counterparty to enter a transaction without the relevant facts necessary to make an informed economic decision"); *United States v. Trapilo*, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted).

## REQUEST NO. 6

## Count One: Wire Fraud – Second Element:  Knowing Participation in Scheme with Intent to Defraud

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme, device, or artifice to defraud knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participated in or have knowledge of all of the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the

11

unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose. As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act voluntarily and with a wrongful purpose.

The defendant acted with specific intent to defraud if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victim or victims was or were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself. In addition, the Government need not prove that the intent to defraud was the only intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith" on the part of a defendant is a complete defense to a charge of wire fraud. A defendant has no burden to establish a defense of good faith. The

burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money or that a particular deal would ultimately be financially advantageous does not necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately work out for the benefit of all involved will excuse fraudulent actions or false representations by him.

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. As I instructed you earlier, circumstantial evidence, if believed, is of no less value than direct evidence.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked

13

an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

The Government may prove that the defendant acted knowingly in either of two ways: First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware that he was making or causing a false statement to be made, or omitting, or causing to be omitted, a material fact. Second, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, or that a material fact was omitted unless, despite this high probability, the facts show that the defendant actually believed the statement to be true or that the material fact was not omitted. This concept is known as conscious avoidance, and I will explain it more fully later in these instructions.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, 44-5; the charge given in *United States v. James Gatto, et al.*, 17 Cr. 686 (LAK); the charge given in *United States v. Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. 2019).

## REQUEST NO. 7

### Count One: Wire Fraud – Third Element:  Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt as to Count One is that interstate wires (for example, phone calls, e-mail communications, text messages, or wire transfers of money) were used in furtherance of the scheme to defraud.

The wire communication must be an interstate wire—that is, it must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as California. The use of the wire need not itself be a fraudulent representation. It must, however, further or assist in some way in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate component.  Thus, if you find that the wire communication was

15

reasonably foreseeable, and the interstate wire communications actually took place, then this

element is satisfied even if it was not foreseeable that the wire communication would cross

state or national lines.

> Adapted from Sand, *Modern Federal Jury Instructions*, 44-7 (based on the charge given in *United States v. Ranney*, 82 Cr. 771 (EW) (S.D.N.Y. 1983)); the charge given in *United States v. James Gatto, et al.*, 17 Cr. 686 (LAK); and the charge given in *United States v. Tagliaferri*, 13 Cr. 115 (RA) (S.D.N.Y. 2014); the charge in *United States v. Uccio*, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge given in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); and the charge given in *United States v. Szur*, S5 97 Cr. 108 (JGK) (S.D.N.Y. 1998); *Pereira v. United States*, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen."); *United States v. Keats*, 937 F.2d 58 (2d Cir. 1991) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States v. Bortnovsky*, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); *United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication);  *United States v. Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck v. United States*, 489 U.S. 705 (1989); *United States v. Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 3029 (1992).

**REQUEST NO. 8**

**Negligence of the Victim Not a Defense**

It is also unimportant whether a victim might have discovered the fraud had the victim probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

> Adapted from the charge given in *United States v. Shvartsman*, 04 Cr. 1368 (KMW) (2006); *see also United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (collecting cases and holding that the victim's negligence in failing to discover a fraudulent scheme is not a defense to criminal conduct); *United States v. Kaufman*, 617 F. App'x 50, 52 (2d Cir. 2015) (affirming jury instruction that "[v]ictim negligence, carelessness or gullibility is no defense to a charge of such fraud").

**REQUEST NO. 9**

**Count Two:  Wire Fraud**

Count Two charges that the defendant, William Sadleir, committed wire fraud in or about 2019 in connection with an alleged scheme to defraud BlackRock by causing a BlackRock fund manager's signature to be forged on documents used to remove Uniform Commercial Code liens on assets that secured loans made by BlackRock to Aviron, and by selling those assets without BlackRock's consent.

The elements of the crime charged in Count Two are the same as the elements of the crime charged in Count One.  Therefore, in order to prove the defendant guilty of the crime charged in Count Two, the Government must establish beyond a reasonable doubt the same three elements I have just read to you with respect to Count One.

## REQUEST NO. 10

### Count Three:  Aggravated Identity Theft – The Statute

Count Three of the Indictment charges the defendant, William Sadleir, with

committing the offense of aggravated identity theft.

The statute relating to aggravated identity theft provides in relevant part that

Whoever, during and in relation to any felony violation enumerated in [Title
18, United States Code, Section 1028A](c), knowingly transfers, possesses, or
uses, without lawful authority, a means of identification of another person
shall [be guilty of a crime].

I instruct you that the crime charged in Count Two of this Indictment is a felony

violation enumerated in Title 18, United States Code, Section 1028A(c).

Adapted from Sand, *Modern Federal Jury
Instructions*, 39A-50.

19

## <u>REQUEST NO. 11</u>

### <u>Count Three:  Aggravated Identity Theft – The Elements</u>

To find the defendant guilty of aggravated identity theft, you must find beyond a reasonable doubt the following three elements:

<u>First</u>, that the defendant knowingly transferred, possessed or used a "means of identification" of another person;

<u>Second</u>, that the defendant did so during and in relation to the wire fraud charged in Count Two; and

<u>Third</u>, that the defendant acted without lawful authority.

> Adapted from Sand, *Modern Federal Jury Instructions*, 39A-49;
> from the charge given in *United States v. Andreea Dumitru*, 18 Cr.
> 243 (LAK); and the charge given in *United States v. William
> Nkrumah*, 07 Cr. 137 (SAS) (S.D.N.Y. 2007).

## **REQUEST NO. 12**

### **Count Three:  Aggravated Identity Theft – First Element: Means of Identification**

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly transferred, possessed, or used a means of identification of another person.

The terms "transfer," "possess," and "use," have their common sense meaning.  The Government need only prove one of these.

The term "means of identification" means any name or number that may be used alone or in conjunction with any other information to identify a specific individual, including any name, signature, social security number, date of birth, official state or government-issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.

In addition, the Government must prove both that the means of identification was that of an actual person living or dead, and that the defendant knew that the means of identification was that of an actual person, living or dead.

To act knowingly means to act voluntarily and intentionally and not by mistake or accident. I instructed you earlier on the manner of proof you may consider when deciding about the defendant's state of mind; that instruction applies here in determining whether the defendant acted knowingly with respect to his use, transfer or possession, if any, of a means of identification of another person.

> Adapted from Sand, *Modern Federal Jury Instructions*, 39A-49; the charge given in *United States v. Andreea Dumitru*, 18 Cr. 243 (LAK); and the charge given in *United States v. William Nkrumah*, 07 Cr. 137 (SAS) (S.D.N.Y. 2007); *see also* 18 U.S.C. § 1028(d)(7)(A), (C), (D) (defining "means of identification").

## REQUEST NO. 13

### Count Three:  Aggravated Identity Theft – Second Element:
### During and in Relation to

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used the means of identification of another person during and in relation to the crime charged in Count Two.

"During and in relation to" means that the defendant's transfer, use, or possession of a means of identification of another person had a role in or facilitated, or had the potential of facilitating, the commission of another offense.

If you find that the defendant is not guilty on Count Two, you must find him not guilty on Count Three.

> Adapted from the charge given in *United States v. Andreea Dumitru*, 18 Cr. 243 (LAK); the charge given in *United States v. Fleurissant*, 03 Cr. 906 (RPP) (S.D.N.Y. 2004); *see also Smith v. United States*, 508 U.S. 223, 239 (1193) (defining "during and in relation to" with regard to 18 U.S.C § 924(c)).

22

**REQUEST NO. 14**

**Count Three:  Aggravated Identity Theft –Third Element:**
**Knowingly and Without Lawful Authority**

Third and finally, with respect to Count Three, the Government must also prove

beyond a reasonable doubt that the defendant acted without lawful authority in transferring,

possessing, or using the means of identification of another person.

Lawful authority means authorization recognized by statute or regulation; thus,

without lawful authority means without authorization recognized by statute or regulation.

To prove the without lawful authority element, the Government need not prove that

the means of identification was stolen. However, proof that a means of identification was

stolen would satisfy the without-lawful-authority element.

Without lawful authority, however, includes situations in which a defendant comes

into lawful possession of identifying information and had the lawful authority to use that

information for a lawful purpose but used the information for an unlawful purpose. The term

also includes situations where a person's identity was used in furtherance of a crime even

with the person's consent.

> Adapted from the charge given in *United States v. Andreea
> Dumitru*, 18 Cr. 243 (LAK), aff'd 991 F.3d 427, 433-34 (2d Cir.
> 2021) (acknowledging that Second Circuit has not "had occasion
> to determine the precise bounds of the aggravated identity theft
> statute," but noting majority view of Circuits that aggravated
> identity theft can occur even where victim has consented); the
> charge given in *United States v. Rebecca Bayou*, 15 Cr. 576 (JGK);
> the charge given in *United States v. William Nkrumah*, 07 Cr. 137
> (SAS) (S.D.N.Y. 2007); Sand, *Modern Federal Jury Instructions*,
> 39A.10; *see also Flores-Figueroa v. United States*, 556 U.S. 646
> (2009).

## REQUEST NO. 15

### Aiding and Abetting

Counts One, Two, and Three also charge the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, the defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish the defendant's guilt on Counts One, Two, and Three.  One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

24

In order to convict a defendant as an aider and abettor, the Government must prove beyond a reasonable doubt two elements.

First, the Government must prove that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. But if you do find that a crime was committed by someone other than the defendant, then you must consider whether the defendant aided or abetted the commission of that crime.

Second, in order to convict of an aiding and abetting theory, the Government must prove that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

    --      Did he participate in the crime charged as something he wished to bring about?

    --      Did he associate himself with the criminal venture knowingly and willfully?

--         Did he seek by his actions to make the

criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the

offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an

aider and abettor of that offense.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*,
> 11-1 and 11-2, from the charge given in *United States v. James
> Gatto, et al.*, 17 Cr. 686 (LAK), and from the charge approved
> in *United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977). *See
> United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990)
> (discussing requirements of aiding and abetting liability); *United
> States v. Clemente*, 640 F.2d 1069 (2d Cir.) (same), *cert. denied*,
> 454 U.S. 820 (1981).

**REQUEST NO. 16**

**Willfully Causing a Crime**

The second way in which the Government can prove the defendant's guilt under 18 U.S.C. § 2 on Counts One, Two, and Three is through a finding beyond a reasonable doubt that the defendant willfully caused a crime.  Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean?  It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.  Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant take some action without which the crime would not have occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, 11-3, and from the charge given in *United States v. James Gatto, et*

27

*al.,* 17 Cr. 686 (LAK). *See United States v. Concepcion,* 983 F.2d 369, 383-84 (2d Cir. 1992); *United States v. Sliker*, 751 F.2d 477, 494 (2d Cir. 1984); *United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979); *United States v. Kelner*, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

## REQUEST NO. 17

### Conscious Avoidance [If Applicable]

The Government is required to prove that the defendant, in various respects, acted knowingly. This is true with respect to the crimes charged in all three Counts. In determining whether the defendant acted knowingly with respect to the crimes charged in Counts One, Two, and Three, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of criminal law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted

knowingly with respect to that fact.  You must judge from all the circumstances and all the proof

whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

> Adapted from the charge given in *United States v. Pan*, 12 Cr. 153 (RJS) (May 1, 2013); *United States v. Blaszczak*, 17 Cr. 357 (LAK) (Apr. 27, 2018); *United States v. Atuana*, 16 Cr. 672 (KPF) (Jan. 29, 2018); *United States v. Datta*, S1 11 Cr. 102 (LAK) and from Sand, *Modern Federal Jury Instructions*, 3A and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013).  *See also United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'") (quoting *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000)); *United States v. Reyes*, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (quoting *Leary v. United States*, 395 U.S. 6, 46 n.93 (1969)); *Ferrarini*, 219 F.3d at 154 ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

**REQUEST NO. 18**

**Venue**

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. The Government does not have to prove that a completed crime was committed within the Southern District of New York. The Government does not have to prove that the defendant was ever in the Southern District of New York.

Venue must be examined separately for each count in the Indictment. With the exception of Count Three, which I will explain in one moment, venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the wire fraud charges, Counts One and Two, it is sufficient to establish venue if the Government proves by a preponderance of the evidence that any of the wire communications you found to satisfy the third element of the offense—use of interstate wires— were transmitted from or to the Southern District of New York. However, if you find the defendant guilty on an aiding and abetting theory, you need not consider venue as to the defendant so long as the Government has proven venue with respect to the person whom the defendant aided and abetted.

To establish venue as to Count Three, aggravated identity theft, it is sufficient for the Government to prove, by a preponderance of the evidence, that an act in furtherance of the crime charged occurred within the Southern District of New York. In this regard, the Government need not prove that the crime itself was committed in this district or that the defendant himself was

31

present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

Alternatively, the Government may prove that venue is proper on Count Three by showing that venue is proper as to the predicate offense that you find that the defendant used, transferred, or possessed a means of identification during and in relation to, that is, Count Two. In other words, if you find that the Government has proved that the defendant used, transferred, or possessed a means of identification without lawful authority during and in relation to the crime charged in Count Two, and you find that the Government has shown that venue was proper for Count Two, using the instruction I gave you earlier, then you may find venue is proper as to Count Three.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  If you find that the Government failed to prove venue by a preponderance of the evidence, you must return a verdict of not guilty.

> Adapted from the charge given in *United States v. Kaloyeros*, 16 Cr. 776 (VEC), and from the charge given in *United States v. Andreea Dumitru*, 18 Cr. 243 (LAK).

## REQUEST NO. 19

### Variance in Dates and Amounts

The Indictment refers to various dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was on a different date or month.  Nor does it matter if the Indictment alleges that a transaction involved a specific amount of money, but the testimony indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

> Adapted from the charges given in *United States v. John Afriye*, 16 Cr. 377 (PAE), *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK), and *United States v. Martinez*, 97 Cr. 313 (HB).

33

## **REQUEST NO. 20**

## **Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 6-18;
the charges given in *United States v. John Afriye*, 16 Cr. 377
(PAE) and *United States v. Gupta*, 07 Cr. 177 (DAB).

## REQUEST NO. 21

### Law Enforcement and Government Employee Witnesses [If Applicable]

You have heard testimony from law enforcement officials and employees of the Government.  The fact that a witness may be employed by the federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 7-16.

## REQUEST NO. 22

### Expert Testimony [If applicable]

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept or credit a witness's testimony merely because I allowed the witness to testify as an expert. Nor should you substitute the expert's opinion for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 7-21.

## **REQUEST NO. 23**

## **Agreements Not to Prosecute Government Witnesses [If applicable]**

You have heard the testimony of witnesses whom the Government has promised—in exchange for testifying truthfully, completely, and fully—will not be prosecuted for crimes in which they may have participated.   The fact that the Government has agreed not to prosecute a witness does not disqualify him from testifying and does not preclude you from accepting that testimony as true.

The Government is permitted to make these kinds of promises, called non-prosecution agreements, and is entitled to call as witnesses people to whom such promises are given.  The fact that the Government has agreed not to prosecute a witness does not disqualify her or him from testifying, and does not preclude you from accepting that testimony as true.  You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves the defendant guilty beyond a reasonable doubt. In evaluating the testimony of witnesses testifying pursuant to non-prosecution agreements, you may want to consider whether this witness would benefit more by lying or by telling the truth.  If you believe the witness was motivated by personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth?  Again, if you find the testimony is false, you should reject it. If you are satisfied that the witness told the truth, you should accept it.

One final note in this regard.  It is no concern of yours why the Government made agreements with witnesses.  Your sole concern is to decide whether the witness was giving truthful testimony in this case before you.  In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.

The issue of credibility need not be decided in an all or nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  Credibility is a determination entirely for you, the jury.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, 7-5; *see also United States v. Projansky*, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically approving charge set forth in footnote); *United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted).

## REQUEST NO. 24

### Statutory Immunity of Government Witnesses

You have heard the testimony of certain witnesses who testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, you may scrutinize the testimony of a witness who has been granted immunity to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he or she is incapable of giving truthful testimony.  Further, it is of no concern of yours why a witness received court-ordered immunity.  Your sole concern is whether a witness has given truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

39

Adapted from Sand et al., *Modern Federal Jury Instructions*, 7-8; *see United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted).

## REQUEST NO. 25

## Audio Recordings and Transcripts

In connection with the recordings that you have heard, you were given transcripts of the conversations to assist you.  I told you then and I remind you now, the transcripts are not evidence.  It is the recordings that are evidence.  The transcripts were provided as an aid to you while you listened to the recordings.  It is for you to decide whether the transcripts correctly present the conversations as they are heard on the recordings you have listened to.  If you perceive any difference between the recording and the transcript, it is the recording that controls.

> Adapted from the charges given in *United States v. Ernesto Lopez et al.*, 18 Cr. 06 (DLC) (S.D.N.Y. 2019); *United States v. Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

## REQUEST NO. 26

### Character Testimony [If Applicable]

[If character testimony concerning reputation is offered] The defendant has called witnesses who have testified to his good reputation in the community.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in this case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged.  Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

[If opinion testimony concerning the defendant's character is offered] The defendant has called witnesses who have given their opinion of his good character.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

42

Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence, including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 5-14, 5-15.

## **REQUEST NO. 27**

### **Defendant's Testimony [If Applicable]**

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times.  In this case, the defendant did testify at trial and he was subject to cross-examination like any other witness. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Adapted from the charge in *United States v. Ernesto Lopez et al.*, 18 Cr. 06 (DLC) (S.D.N.Y. 2019); *see United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2006).

## REQUEST NO. 28

### Defendant's Right Not to Testify [If Requested by the Defendant]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Sand et al., *Modern Federal Jury Instructions*, 5-21; adapted from the charge given in *United States v. Ernesto Lopez et al.*, 18 Cr. 06 (DLC) (S.D.N.Y. 2019).

## REQUEST NO. 29

### Uncalled Witnesses – Equally Available to Both Sides

There are people whose names you heard during the course of the trial but who did not appear to testify.  [*If applicable: One or more of the attorneys has referred to their absence from the trial.*]  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand et al., *Modern Federal Jury Instructions*, 6-7.

## REQUEST NO. 30

### Particular Investigative Techniques Not Required

You may have heard reference, in the questions or arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge given in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge given in *United States v. Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## **REQUEST NO. 31**

### **Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge given in *United States v. Barnes*, S 77 Cr. 190 (HFW) (S.D.N.Y. 1977), aff'd, 604 F.2d 121, 147 (2d Cir. 1979).

## REQUEST NO. 32

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adopted from the charge given in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 33

### Use of Recordings, Text Messages and Emails

Recordings of telephone conversations, text messages, emails, and other data from cellphones have been admitted into evidence [*modify as applicable*].  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from charge given in *United States v. Joseph Brideson et al.*, S6 00 Cr. 1118 (MBM).

## **REQUEST NO. 34**

### **Stipulations**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge given in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from Sand et al., *Modern Federal Jury Instructions*, 5-6 & 5-7.

## **REQUEST NO. 35**

### **Summary Charts**

You have seen exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them.  I decided to admit these charts and summaries in order to save time and to avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

> Adapted from the charges given in *United States v. Chow*, 17 Cr. 667 (GHW) (S.D.N.Y. 2018); *United States v. Riley*, 13 Cr. 339 (VEC) (S.D.N.Y. 2014).

* * *

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  December 23, 2021
        New York, New York

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                        By:     __/s/_____
                                        Jared Lenow
                                        Elizabeth Hanft
                                        Assistant United States Attorneys
                                        (212) 637-1068/2334