

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

January 14, 2022

**BY ELECTRONIC MAIL**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

Re:   *United States v. William Sadleir*, No. 20 Cr. 320 (PAE)

Dear Judge Engelmayer:

I write briefly in connection with the defendant's January 10, 2022 motion for an adjournment of trial, and with a related request.

███████████████████████████████████████████████ I bring these facts to the Court's attention for two reasons.

First, as discussed in the defendant's motion, the disruptions caused by positive COVID infections are extremely prejudicial to the preparation of Mr. Sadleir's defense. ████████████████████████████████████████████████████████ I respectfully submit that these facts are relevant to the Court's consideration of the pending motion.

Further, in the event that the Court does not grant an adjournment or otherwise still wishes to meet with the parties this coming Wednesday, I would ask that the Court convert the conference scheduled for January 19, 2022 at 2:30 PM to a remote appearance. As Your Honor is likely aware, yesterday the Court posted new protocols following symptoms or exposure to COVID-19.[2] Under those protocols, anyone with symptoms may not enter the courthouse, regardless of test results or

---

[1]   ████████████████████████████████████████████████████

[2]   https://www.nysd.uscourts.gov/sites/default/files/2022-01/COVID%20Procedures%20v3--%20After%20Symptoms%20or%20Exposure%201-12-22.pdf

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



vaccination status. Further, any fully vaccinated and boosted person ▮▮▮▮ who has "ongoing exposure to [an] infected person (e.g., they reside with you)" may not enter the courthouse until 10 days from the start of the infected person's symptoms, and then must receive a negative test themselves. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The new protocols do not specify when a person who tests positive may enter the courthouse, but refers anyone who has tested positive to consult with the Court's COVID-19 response team individually. I have to believe that the Court's protocol with respect to someone who both exhibits symptoms and tests positive will be even more stringent than for exposure to a close contact, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Finally, I note that the Court's new protocols (sensibly) treat vaccinated and unvaccinated people differently. Under the protocols, an unvaccinated person who themselves has any symptoms may not enter the courthouse until 10 days from the resolution of those symptoms even if they have tested negative before then, and also may not enter the courthouse within 14 days of close contact with someone who tests positive *or* close contact with someone who exhibits symptoms. An unvaccinated person also may not enter the courthouse if they live with someone who is quarantined because that person had a relevant close contact. In short, under the Court's protocols and in light of the current COVID spike, it seems reasonably likely that most unvaccinated people will not be able to enter the courthouse at the time of jury selection, and that any unvaccinated juror would be at a high risk of being excluded from the courthouse for an extended period of time in the midst of trial. While we of course have no issue with this approach from an epidemiological perspective, we respectfully submit that the de facto exclusion of most or any unvaccinated persons from the jury pool represents a substantial Sixth Amendment concern that supports adjournment of trial while the current spike resolves.

In short, on behalf of the defendant, I respectfully request that the Court grant Mr. Sadleir's motion for an adjournment of trial and that, to the extent the Court denies that request or wishes to hold a conference regardless, it convert next Wednesday's conference from in-person to remote.

Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz