

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 14, 2022

**BY ECF AND EMAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
EngelmayerNYSDChambers@nysd.uscourts.gov

    Re:    *United States v. William Sadleir*, 20 Cr. 320 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this letter in opposition to defendant William Sadleir's second motion for an adjournment of his upcoming trial. For the reasons set forth below, the Court should deny Sadleir's motion.

    **I.**    **Relevant Background**

    On May 18, 2020, the Government charged Sadleir in Complaint 20 Mag. 5114 (the "Complaint") with three counts: (i) wire fraud, in connection with a scheme related to purported "prepaid media" (the "Advertising Scheme"); (ii) wire fraud, in connection with a scheme in which Sadleir caused the forging of a signature in order to remove liens on certain assets, and then sold those assets (the "UCC Scheme"); and (iii) aggravated identity theft, also in connection with the UCC Scheme. Dkt. 1.

    On June 23, 2020, a grand jury in this District returned an indictment charging Sadleir in the same three counts as the Complaint. Dkt. 6. The Court set trial for January 24, 2022. Dkt. 23. On November 12, 2021, Sadleir made an oral application to adjourn his trial, which he supplemented in a letter submitted *ex parte* and under seal to the Court. *See* Dkt. 45, 46. The Court subsequently denied Sadleir's application. Dkt. 46.

    Sadleir now moves to adjourn trial due to the current increase in COVID-19 cases related to the circulating Omicron variant. Dkt. 61. The Court should deny that motion.

### II. Sadleir's Arguments Relating to the COVID-19 Pandemic Do Not Warrant An Adjournment

Although the Government takes seriously the threat posed by COVID-19 and the Omicron variant in particular, current circumstances do not warrant an adjournment of trial. The Southern District of New York has successfully conducted dozens of trials since the beginning of the pandemic and has put in place robust protocols to safeguard the health and safety of all participants in the trial, including the parties, the jurors, the witnesses, and counsel. Unless the Court determines that no jury trials will be held in this District during the relevant time period or current circumstances evolve such that proceeding with trial is impractical or unfeasible, the trial should proceed as scheduled.

The Government regrets that certain members of Sadleir's defense team have become sick during the lead-up to trial, will be required to travel to New York for trial, and that, due to Sadleir's age and prior medical issues – specifically, that he had heart surgery that required multiple stents approximately two years ago – Sadleir may be at greater risk should he become infected with COVID-19. As to the former point, however, Sadleir has the benefit of representation by a large and well-resourced law firm with offices throughout the country. As to the latter, counsel has submitted no medical records or the opinion of a doctor regarding Sadleir's level of risk. Absent any specific extenuating circumstances, and in light of the precautions that the Southern District has put in place, Sadleir's age and apparent current medical circumstances alone do not merit an adjournment of trial.

### III. Sadleir's Constitutional Argument Is Premature and Unlikely To Prevail

Sadleir also argues that trial should be adjourned for constitutional reasons – specifically, a potential Sixth or Fifth Amendment violation, or a violation of the Jury Selection and Service Act of 1968 ("JSSA") – based on what counsel predicts will be a "substantial[] underrepresent[ation]" of, or "substantial[] burden[]" on, individuals aged sixty-five and older on the petit jury in Sadleir's case. *See* William Sadleir's Request for Adjournment of Trial Date (Dkt. 61 ("Def. Mot.")) at 11. That claim is almost certain to fail, and provides no basis for adjourning the trial.

#### A. Applicable Law

"The Sixth Amendment guarantees a criminal defendant a jury selected from a fair cross section of the community." *United States v. Rioux*, 97 F.3d 648, 654 (2d Cir. 1996). In *Duren v. Missouri*, the Supreme Court articulated a three-part test that defendants must meet in order to establish a prima facie violation of the fair cross-section requirement: (1) the excluded group is "distinctive"; (2) representation of the group in "venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community"; and (3) the underrepresentation is due to "systematic exclusion of the group in the jury-selection process." 439 U.S. 357, 364 (1979).

Similarly, the JSSA sets forth a policy that "all litigants in Federal courts entitled to trial

by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes," and prohibits discrimination on certain bases in jury selection. 28 U.S.C. §§ 1861, 1862. The JSSA further requires each district court to devise and place into operation a plan for the random selection of juries that is designed to achieve the objectives of the foregoing sections, and sets forth certain other requirements for jury selection. 28 U.S.C. §§ 1863–66. Finally, the JSSA provides a statutory mechanism by which a defendant may challenge failure to comply with the foregoing:

> In criminal cases, before voir dire begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

28 U.S.C. § 1867(a). Where such a motion is made and supported by "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title," the district court may conduct a hearing. 28 U.S.C. § 1867(d); *United States v. Young*, 822 F.2d 1234, 1239 (2d Cir. 1987). As relevant here, "[i]f the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title." 28 U.S.C. § 1867(d). Fair cross-section claims under the Sixth Amendment and the JSSA are evaluated using the same framework. *See Rioux*, 97 F.3d at 660; *United States v. LaChance*, 788 F.2d 856, 864 (2d Cir. 1986).

Under the Fifth Amendment, and in a parallel context, "in order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs." *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). To do so, the defendant must: (i) first, "establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws"; and (ii) second, prove "the degree of underrepresentation [. . .] by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time." *Id.* If the defendant makes such a showing, he has established a prima facie case of discriminatory purpose, and the burden then shifts to the Government to rebut that case. *Id.* at 495. In other words, and as Sadleir acknowledges, the showing required under the Fifth Amendment is "similar to that in a Sixth Amendment challenge." Def. Mot. at 11; *see also LaChance*, 788 F.2d at 864.

### B. Discussion

Sadleir cannot make the required showing.

*First*, Sadleir provides no authority for the proposition that individuals over 65 are a "distinctive" group for purposes of the *Duren* analysis. *See* Def. Mot. at 11 (counsel "unable to find substantial Second Circuit law indicating that individuals aged 65 and over are recognizable as a 'distinct' class"); *see also United States v. Jaidi*, 19 Cr. 890 (CS), Dkt. 78 at 2 (court "not aware of authority for the proposition that adults in their 60s are a distinctive category for purposes

of fair cross-section analysis").

*Second*, Sadleir cannot show, and has not shown, that that group will be underrepresented among the jury (which has yet to be selected), let alone substantially so, rendering any such motion at the very least premature.[1]

*Finally*, Sadleir's claim fails under the third prong of the *Duren* test. As an initial matter, Sadleir cannot demonstrate "systematic exclusion" in the jury selection process by examining a single venire panel. *See United States v. Barlow*, 732 F. Supp. 2d 1, 29 (E.D.N.Y. 2010) ("composition of a particular venire or even several venires is of little value to" *Duren* analysis); *see also United States v. Barlow*, 479 F. App'x 372 (2d Cir. 2012) (affirming Judge Bianco's "thorough and well-reasoned" opinion); *United States v. Bullock*, 550 F.3d 247, 251-52 (2d Cir. 2008) (finding defendant had not established systematic exclusion even though none of 100 venirepersons were African American); *United States v. Bryant*, 523 F.3d 349, 362 (D.C. Cir. 2008) ("[U]nderrepresentation of a cognizable group in a single venire, without evidence of a greater pattern, is insufficient to establish the systematic exclusion of the group required by *Duren*.") (internal quotation marks omitted). Nor can Sadleir show that any numerical disparity is attributable to some systematic feature of the jury selection process, as opposed to an "external force." *Rioux*, 97 F.3d at 658 (systematic exclusion occurs "when the underrepresentation is due to the system of jury selection itself, rather than external forces"); *see also Barlow*, 732 F. Supp. 2d at 40, *aff'd* 479 F. App'x at 373 ("[S]ystematic exclusion does not occur simply because a facially neutral disqualification criterion disproportionately impacts a particular group."); *United States v. Tagliaferro*, 19 Cr. 472 (PAC), 2021 WL 1172502 (S.D.N.Y. Mar. 29, 2021) ("To demonstrate systematic exclusion, the [d]efendant must isolate specific flaws in the Jury Plan and then prove that those flaws are what caused the underrepresentation at issue."). The specific issue Sadlier has identified in this case – COVID-19 – is undoubtedly an "external force," and not a flaw in the Southern District of New York's Jury Plan. Any disparate impact it might have on individuals 65 and older would not amount to "systematic exclusion." *See Tagliaferro*, 2021 WL 1172502, at *5 ("One cannot seriously dispute the fact that the COVID-19 pandemic is an external force"); *United States v. Adelekan*, 19 Cr. 291 (LAP), 2021 WL 4839065, at *5-7 (S.D.N.Y. Oct. 15, 2021) (same).

Over the past year, analogous claims relating to COVID-19's effects on jury composition in light of the "fair cross-section" requirement have been repeatedly rejected in this District. *See, e.g.*, *Adelekan*, 2021 WL 4839065, at *5-7; *United States v. Nieves*, 19 Cr. 354 (JSR) (S.D.N.Y. Apr. 14, 2021), Dkt. 108 at 10; *United States v. Jarrett*, 19 Cr. 670 (LGS) (S.D.N.Y. Apr. 12, 2021), Dkt. 104 at 3-9; *Tagliaferro*, 2021 WL 1172502, at *5.[2] This Court should similarly reject Sadleir's claim.

---

[1] Nor has Sadleir's motion identified what he would treat as the "relevant jury pool" for purposes of this analysis, under either the second or the third *Duren* prong; how he is defining the community against which it is to be compared; or what statistical method of comparison should be applied. *See Rioux*, 97 F.3d at 656.

[2] Similar claims in the grand jury context also have been consistently rejected in this District. *See, e.g.*, *United States v. Lucas*, 21 Cr. 382 (SHS), 2021 WL 4925715, at *1-6 (S.D.N.Y. Oct. 21,

For the foregoing reasons, Sadleir's contemplated jury cross-section claim is almost certain to fail, and does not constitute a reason to adjourn the trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Elizabeth Hanft / Jared Lenow
Assistant United States Attorneys
(212) 637-2334 / -1068

cc: Matthew L. Schwartz, Esq.
    John Kucera, Esq.
    Valecia Battle, Esq.

---

2021); *United States v. Rodriguez*, 20 Cr. 301 (PKC), 2021 WL 4226046, at *3-5 (S.D.N.Y. Sept. 16, 2021); *United States v. Neilly*, 21 Cr. 94 (VEC), 2021 WL 3913559, at *2-6 (S.D.N.Y. Sept. 1, 2021); *United States v. Irizarry*, 21 Cr. 60 (MKV), 2021 WL 3855869, at *3-7 (S.D.N.Y. Aug. 27, 2021); *United States v. Lawrence*, --- F. Supp. 3d ----, 21 Cr. 127 (PGG), 2021 WL 3500838, at *4-14 (S.D.N.Y. Aug. 9, 2021); *United States v. Suquilanda*, 21 Cr. 263 (VM), 2021 WL 3500868, at *3-5 (S.D.N.Y. Aug. 9, 2021); *United States v. Middlebrooks*, 21 Cr. 89 (RMB), 2021 WL 2402162, at *2-4 (S.D.N.Y. June 10, 2021); *United States v. Schulte*, S3 17 Cr. 548 (PAC), 2021 WL 1146094, at *4-10 (S.D.N.Y. Mar. 24, 2021).