UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA

-v.-

WILLIAM SADLEIR,

        Defendant.

CONSENT ORDER OF
INTERLOCUTORY
SALE OF REAL PROPERTY

20 Cr. 320 (PAE)

------------------------------------------------------------ x

      IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Jared Lenow, of counsel; Kurt Ramlo, Esq., counsel for Temerity Trust Management, LLC ("Temerity"); Kyle R. Freeny, Esq., counsel for Cairn Capital Investment Funds ICAV, for its sub-fund Cairn Capstone Special Opportunities Fund ("Cairn"); the Defendant, WILLIAM SADLEIR and his counsel, Matthew Lane Schwartz, Esq., that:

      1.    The real property located at 9135 Hazen Drive, Beverly Hills, California (the "Subject Property"), shall be sold, subject to the approval of the Bankruptcy Court presiding over the chapter 11 case of *In re Temerity Trust Management LLC*, 20 bk. 15015 (Bankr. C.D. Cal), in a commercially reasonable manner and consistent with the terms detailed below.

      2.    Within five (5) business days after entry of this Consent Order, Temerity and Cairn will seek approval from the Bankruptcy Court, pursuant to Title 11, United States Code, Section 363 and Federal Rule of Bankruptcy Procedure 9019, for (i) a settlement ("9019 Settlement") and (ii) to market and sell the Subject Property pursuant to 11 U.S.C. § 363(b)(1), in accordance with the details below and subject to final approval by the Bankruptcy Court ("Section

363 Sale"). Cairn shall be provided with an allowed claim in the full amount of Temerity's debt to Cairn, which is secured by its first-priority liens on the property of the Debtor, including the Subject Property, set forth in the Deed of Trust (the "Cairn Allowed Claim"), which funds Cairn may dispose of as it sees fit. For purposes of this Order, Temerity's debt to Cairn shall be deemed to be not less than $17,724,407 as of June 23, 2021, plus fees and expenses, and any interest accruing thereafter (the "Cairn Debt"). The Cairn Allowed Claim shall be indefeasible and not be subject to challenge by the Debtor, the estate or any other party in interest on any grounds, including, but not limited to challenges related to the amount, validity and priority.

3. If the Bankruptcy Court does not approve the 9019 Settlement or the Section 363 Sale, the Post Indictment Restraining Order entered November 30, 2020 (the "Restraining Order") shall not limit any right that Cairn may have to seek to foreclose on or otherwise enforce its rights as to the Subject Property, and for Cairn to subsequently sell the Subject Property in a commercially reasonable manner, including, but not limited to, a foreclosure trustee's sale pursuant to statutorily prescribed procedures. The Parties agree not to oppose the lifting of the automatic stay caused by the Bankruptcy Petition to permit Cairn (or any third party acting on its behalf) to sell the Subject Property in a judicial or non-judicial foreclosure proceeding.

4. The United States Attorney's Office for the Southern District of New York ("USAO-SDNY") will provide written assurance, as necessary, to the Bankruptcy Court, seller's agent, the title company providing title insurance to a purchaser, or any lender providing financing to a purchaser, and any other person or entity that the Parties reasonably determine needs such assurance, that the Subject Property may be sold, in compliance with this Consent Order, free and clear of the USAO-SDNY's pending forfeiture claim, and will terminate the Lis Pendens, filed by the United States in Recorder's Office, Los Angeles County on October 15, 2020 (File No.

20201278959), upon approval by the Bankruptcy Court of the sales process. Further, the Restraining Order is herewith modified to permit the sale of the Subject Property in conformity with this Consent Order.

5. The marketing process for the Section 363 Sale shall consist of the terms and conditions set forth herein, subject to the approval of the Bankruptcy Court. The Subject Property will be marketed by the Altman Brothers (www.thealtmanbrothers.com) or a comparable licensed real estate agent specializing in high-end Beverly Hills real estate, subject to the approval of such retention by the Bankruptcy Court and Cairn. Total commission will be no more than 5%, to be allocated and paid to seller's agent and buyer's agent.

6. The marketing of the Subject Property will begin on or before five (5) business days after the grant of Bankruptcy Court of approval pursuant to Paragraph 2 ("Start Date") and the Bankruptcy Court's approval of Temerity's retention of a real estate agent pursuant to Paragraph 5, and it will last for the period of time set by the Bankruptcy Court ("Sale Period").

7. All bidders, in connection with delivery of a written bid in form and substance customary and appropriate for transactions of this type and delivered prior to the earlier of the expiry of the Sales Period and Temerity's acceptance of a purchase offer, which acceptance is subject to Cairn's approval, which will not be unreasonably withheld, must provide proof of immediately available funds to finance the purchase of the Subject Property and shall provide a deposit into an escrow (with the escrow company chosen in accordance with Paragraph 12 below) of at least 5% of the bid amount as a condition of being a qualifying bid. Where doing so may maximize the expected sales price, a stalking horse bidder may be utilized.

8. The minimum bid for the Subject Property (the "Reserve Price") shall be an amount less than the Cairn Debt, to be determined by the Bankruptcy Court. If no qualifying bids

meeting the Reserve Price are received within the Sales Period pursuant to Paragraph 6 above, upon or after the expiry of the Sales Period, Cairn (or one or more of its designees) shall have the right to extend the Sales Period in a manner acceptable to the Bankruptcy Court, credit bid Cairn's debt for the Subject Property for an amount to be determined by the Bankruptcy Court, without the need for an auction, or to waive the Reserve Price and accept a bid below the amount of the Reserve Price. Cairn shall make its election between a credit bid and waiver of the Reserve Price as soon as practicable after expiry of the Sales Period. Cairn will not have the ability to credit bid if one or more qualifying bids meeting the Reserve Price are received within the Sales Period and the transaction contemplated by such bid is consummated in accordance with the terms of this Consent Order.

9. If there are two or more qualifying bids submitted in accordance with Paragraphs 7 and 8, an auction shall be conducted for the sale of the Subject Property within 10 days of the close of the Sales Period (the "Auction Date").

10. If during the Sales Period any prospective buyer presents a qualifying bid for a private sale otherwise on terms and conditions satisfactory to both Temerity and Cairn, then upon the consent of both Temerity and Cairn in each of its sole discretion, such sale shall be permitted (but subject to the approval of the Bankruptcy Court and otherwise complying with the terms hereof).

11. As soon as possible following the selection of a buyer pursuant to the foregoing procedures, the parties will seek a Bankruptcy Court order approving the sale of the Subject Property free and clear of all liens, claims, interests, and encumbrances, including any rights of tenancy or occupancy pursuant to 11 U.S.C. § 363(b)(1). The closing shall take place as soon as practicable, within the time period set by the Bankruptcy Court.

12. The proceeds of the Section 363 Sale (except as a result of a credit bid complying with the terms of this Consent Order) shall be deposited into an interest-bearing escrow account acceptable to Temerity, Cairn and the USAO-SDNY, and shall be distributed within (3) business days of closing in the following priority: (1) first, to pay outstanding real property taxes; (2) second, to pay all reasonable and documented costs of escrow and sale, including real estate sales commissions authorized hereunder and applicable fees triggered by the sale of the Subject Property, including any fees owed to a stalking horse, and any reasonable credits against the sale price requested by the buyer(s), in each case subject to Cairn's approval, which will not be unreasonably withheld; (3) third, to pay the Cairn Debt; and (4) fourth, to the extent funds remain after all amounts are paid in items (1)-(3) above, those funds shall be treated as substitute *res* for the Subject Property (the "Substitute Res") in the pending criminal action and shall remain in escrow pending the resolution of the criminal matter and further order of the Bankruptcy Court, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the Office for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

13. Upon such occasion that Cairn (and/or any of its designees or affiliates) shall take title to the property as permitted by this Consent Order (by credit bid or otherwise), Cairn (or its relevant designee(s) and/or affiliate(s)) shall have no continuing obligations pursuant to this Consent Order.

14. Nothing in this Consent Order is intended to alter or otherwise affect any of the rights of Cairn, under the Deed of Trust, the Temerity Guaranty (as defined in the Deed of Trust), or related credit documents.

15. This Consent Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Consent Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

16. This Consent Order constitutes the complete agreement between the parties hereto concerning the Subject Property and may not be amended except by written consent thereof.

17. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Order.

18. Each party agrees to bear its costs and attorneys' fees, provided, however, that nothing herein shall affect, limit, or abrogate Temerity's or Cairn's rights to attorneys' fees under the loan Cairn extended for up to $22,400,000, guaranteed by Temerity, the associated Deed of Trust, and related credit documents.

19. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Order authorizing the interlocutory sale of the Subject Property.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____        1/21/2022
    Jared Lenow                             DATE
    Assistant United States Attorney
    One Saint Andrews Plaza
    New York, New York 10007
    (212) 637-1068

6

Temerity Trust Management, LLC

By: _____     _____
Kurt Ramlo                                                      DATE
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, CA | 90034
Tel: 310-229-1234
*Attorney for Temerity Trust Management, LLC*

Cairn Capital Investment Funds ICAV, for its sub fund
Cairn Capstone Special Opportunities Fund

By: _____     1/11/22
Kyle R. Freeny, Esq.                                        DATE
Greenberg Traurig, LLP
2101 L Street NW
Washington, D.C. 20037
Tel: (202) 331-3118
*Attorney for Cairn Capital Investment Funds, ICAV*


WILLIAM SADLEIR
Defendant

By: _____     _____
WILLIAM SADLEIR                                           DATE

By: _____     _____
Matthew Lane Schwartz, Esq.                           DATE
Boies Schiller, Flexner, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
mlschwartz@bsfllp.com
*Attorney for Defendant*


So Ordered:


_____     _____
HONORABLE PAUL A. ENGELMAYER                DATE
UNITED STATES DISTRICT JUDGE

7

Temerity Trust Management, LLC

By:  _____/s/ Kurt Ramlo_____          1/10/22
Kurt Ramlo                                DATE
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, CA | 90034
Tel: 310-229-1234
*Attorney for Temerity Trust Management, LLC*

Cairn Capital Investment Funds ICAV, for its sub fund
Cairn Capstone Special Opportunities Fund

By:  _____
Kyle R. Freeny, Esq.                      DATE
Greenberg Traurig, LLP
2101 L Street NW
Washington, D.C. 20037
Tel: (202) 331-3118
*Attorney for Cairn Capital Investment Funds, ICAV*


WILLIAM SADLEIR
Defendant

By:  _____
WILLIAM SADLEIR                            DATE

By:  _____
Matthew Lane Schwartz, Esq.                DATE
Boies Schiller, Flexner, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
mlschwartz@bsfllp.com
*Attorney for Defendant*


So Ordered:


_____           _____
HONORABLE PAUL A. ENGELMAYER              DATE
UNITED STATES DISTRICT JUDGE

Temerity Trust Management, LLC

By: _____       _____
    Kurt Ramlo      DATE
    Levene, Neale, Bender, Yoo & Golubchik L.L.P.
    2818 La Cienega Avenue
    Los Angeles, CA | 90034
    Tel: 310-229-1234
    *Attorney for Temerity Trust Management, LLC*

Cairn Capital Investment Funds ICAV, for its sub fund
Cairn Capstone Special Opportunities Fund

By: _____       _____
    Kyle R. Freeny, Esq.      DATE
    Greenberg Traurig, LLP
    2101 L Street NW
    Washington, D.C. 20037
    Tel: (202) 331-3118
    *Attorney for Cairn Capital Investment Funds, ICAV*


WILLIAM SADLEIR
Defendant

By: *[signature: William L. Sadleir]*       January 12, 2022
    WILLIAM SADLEIR      DATE

By: *[signature]*       1/12/22
    Matthew Lane Schwartz, Esq.      DATE
    Boies Schiller, Flexner, LLP
    55 Hudson Yards
    New York, NY 10001
    Tel: (212) 446-2300
    mlschwartz@bsfllp.com
    *Attorney for Defendant*


So Ordered:

*[signature: Paul A. Engelmayer]*      1/21/22
HONORABLE PAUL A. ENGELMAYER      DATE
UNITED STATES DISTRICT JUDGE

7